United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 15, 2006**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

No. 06-10344

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**DEBORAH KAY KLOUSE,**

**Defendant-Appellant.**

**Appeal from the United States District Court
for the Northern District of Texas
(4:05-CR-173)**

Before BARKSDALE, DeMOSS, and PRADO, Circuit Judges.

PER CURIAM:[*]

At issue are: whether Deborah Kay Klouse's plea-agreement for use of unauthorized access devices had a sufficient factual basis; and whether the district court erred in its loss-calculation method, including whether its denial of Klouse's corresponding subpoena request violated her Sixth Amendment right to compulsory process. **AFFIRMED.**

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

While employed by American Airlines (AA), Klouse became aware of unused "Travel Authorization Certificates" (certificates), typically issued to travel agencies for promotional purposes. Klouse used them to have travel tickets fraudulently issued for free interstate and international airline travel on AA flights for friends and family members. Between February 2001 and January 2004, Klouse provided 26 individuals with airline tickets, many of which were for first-class travel, for at least 88 different AA flights.

Klouse pleaded guilty to use of unauthorized access devices, in violation of 18 U.S.C. § 1029(a)(2). Based on the market value of the airline tickets (using the lowest applicable fare), the Presentence Investigation Report (PSR) determined AA's total loss to be $166,603.75 and recommended restitution in this amount. Klouse filed objections to the PSR, contending, *inter alia*, the loss calculation should be based on AA's internal valuation of the certificates for tax-and-insurance purposes. Along that line, Klouse sought to subpoena AA to provide information regarding this valuation. The request was denied by the district court as seeking irrelevant information and being unduly burdensome.

At sentencing, in determining the advisory Guidelines sentencing range, the district court: overruled Klouse's PSR objections; adopted the PSR's loss calculation; and used that

calculation to impose a seven-level amount-of-loss increase, pursuant to U.S.S.G. § 2F1.1(b)(1)(H) (2000). After other adjustments, Klouse's advisory sentencing range was 15-21 months. She was sentenced, *inter alia*, to 15-months imprisonment and restitution in the amount of $166,603.75.

II.

A.

"Before entering judgment on a guilty plea, the court must determine that there is a factual basis for the plea." FED. R. CRIM. P. 11(b)(3). Klouse did *not*, however, challenge the sufficiency of the factual basis in district court. Instead, she raises the issue for the first time on appeal. Therefore, our review is *only* for plain error. *E.g.*, **United States v. Palmer**, 456 F.3d 484, 489 (5th Cir. 2006). Under such review, Klouse must show a clear or obvious error that affected her substantial rights. *E.g., **United States v. Alvarado-Santilano***, 434 F.3d 794, 795 (5th Cir. 2005), *cert. denied*, 126 S. Ct. 1812 (2006). Generally, plain error will be corrected only when it "has a serious effect on the fairness, integrity, or public reputation of judicial proceedings". **Id.** (citation omitted).

Klouse maintains the factual basis was insufficient because the certificates are neither specifically enumerated in the statutory definition of "access device" nor subject to access-device status as an "other means of account access". 18 U.S.C. §

3

1029(e)(1). Further, she contends the certificates, even if assumed *arguendo* to be "access devices", are not "unauthorized", pursuant to 18 U.S.C. § 1029(e)(3).

Our court has *not* previously addressed whether such certificates qualify as "unauthorized access devices" for the purposes of § 1029(a)(2). Nonetheless, we have recognized the scope of the statutory definition of "access device" may encompass devices *not* specifically enumerated. ***United States v. Brewer***, 835 F.2d 550, 553 (5th Cir. 1987) (recognizing the definition is "broad enough to encompass technological advances", our court "read long distance access codes into the [definition]" (quotation omitted)). In addition, "misuse of [an access device] serve[s] as further evidence of an *unauthorized* access device". ***United States v. Inman***, 411 F.3d 591, 594 (5th Cir. 2005) (emphasis added) (examining whether access device was "unauthorized" under § 1029(e)(3)'s "obtained with intent to defraud" prong). Klouse does *not* contend she did not misuse the certificates.

In short, the factual basis of Klouse's plea-agreement does *not* give rise to a "clear" or "obvious" error. Therefore, under the applicable plain-error standard of review, this claim fails.

### B.

### 1.

Klouse also challenges the district court's loss-calculation method for the purposes of both the amount-of-loss enhancement and

4

restitution. The court used the market value of the airlines tickets.

A challenge to the *method* of calculation, which implicates a Guidelines application, is reviewed *de novo*. *E.g.*, **United States v. Randall**, 157 F.3d 328, 330 (5th Cir. 1998). The propriety of a restitution award is reviewed for abuse of discretion. *E.g.*, **United States v. Onyiego**, 286 F.3d 249, 256 (5th Cir.), *cert. denied*, 537 U.S. 910 (2002).

Klouse maintains the loss should be based on AA's internal tax-and-insurance valuation of the certificates. "Ordinarily, [however,] when property is taken ... the loss *is the fair market value of the particular property at issue*". U.S.S.G. § 2B1.1 cmt. n.2 (2000) (emphasis added); *see also* **Onyiego**, 286 F.3d at 255. Where, as here, market value is difficult to determine, a sentencing court may use "other reasonable means to ascertain the level of loss to the victim". **Onyiego**, 286 F.3d at 256 (citation omitted); *see also* U.S.S.G. § 2F1.1 cmt. n.9 (2000) ("[t]he court need only make a reasonable estimate of the loss, given the available information"). The district court did *not* err in its loss-calculation method.

## 2.

Concomitantly, because the loss-calculation method did *not* constitute error, the denial of Klouse's subpoena request, which sought information regarding an *alternative* loss-calculation

5

method, did *not* violate her Sixth Amendment right to compulsory process. ***United States v. Soape***, 169 F.3d 257, 268 (5th Cir.) ("when requesting a ... subpoena ..., a defendant has the duty to demonstrate the necessity of the [information sought]"), *cert. denied*, 527 U.S. 1011 (1999).

### III.

For the foregoing reasons, the judgment is

***AFFIRMED.***