**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Greg CARTER, Defendant—Appellant.**

**No. 06–10526.**

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 3, 2007 *.

Filed Dec. 26, 2007.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Camille Damm, Esq., Robert L. Ellman, Esq., Nancy J. Koppe, Esq., USLV–Office of The U.S. Attorney, Las Vegas, NV, for Plaintiff–Appellee.

Mario Valencia, Henderson, NV, for Defendant–Appellant.

Before: COWEN,** HAWKINS and NR SMITH, Circuit Judges.

## MEMORANDUM ***

Appellant Greg Carter was convicted by a jury of numerous counts of wire fraud, money laundering, access device fraud, and conspiracy arising out of his participation in a complex airline ticketing scheme. The district court imposed a 70–month sentence. Carter appeals both his conviction and sentence. We affirm.

There is no merit to Carter's sufficiency of the evidence claim. A rational factfinder could have found that Carter specifi- cally intended to defraud beyond a reasonable doubt, especially given the testimony of numerous witnesses as to Carter's direct participation in the ticketing scheme and the testimony of his co-defendant as to Carter's knowledge of the consequences of his conduct. *See United States v. Durham,* 464 F.3d 976, 981 (9th Cir.2006).

Carter's jury instruction claims are unavailing. There was abundant evidence to support a *Jewell* deliberate ignorance instruction and the charge in this case was virtually identical to that recently upheld by this Court. *See United States v. Heredia,* 483 F.3d 913, 917 (9th Cir.2007) (en banc). No good faith defense instruction was warranted here because the district court sufficiently instructed the jury as to the requisite intent necessary to convict for wire fraud. *United States v. Shipsey,* 363 F.3d 962, 967 (9th Cir.2004). The summary charts instruction is entirely proper; any error would be harmless in any event, given the absence of allegations that the summaries were inaccurate or summarized inadmissible evidence. *See United States v. Boulware,* 470 F.3d 931, 936 (9th Cir.2006).

Carter's sentencing claims are also meritless. The district court properly used the total amount of the airline debit memos resulting from the ticketing scheme as a "reasonable estimate" of loss for sentencing purposes. U.S.S.G. § 2B1.1, cmt. n. 3(c); *United States v. Hardy,* 289 F.3d 608, 613 (9th Cir.2002) (affirming use of wholesale value of stolen goods to estimate loss). Its conclusion that the debit memos totaled in excess of $1.4 million was not clearly erroneous. No proof that the tickets would have actually sold at the full published fares was necessary. Addition-

---

** The Honorable Robert E. Cowen, Senior United States Circuit Judge for the Third Circuit, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

ally, the trial court's explicit finding that Carter committed perjury is supported by the record and the obstruction of justice enhancement was properly imposed. *See United States v. Cordova Barajas*, 360 F.3d 1037, 1043–44 (9th Cir.2004). No violation of Carter's Sixth Amendment rights occurred as a result of the judicial fact-finding at sentencing. *See United States v. Ameline*, 409 F.3d 1073, 1077–78 (9th Cir.2005) (en banc).

**AFFIRMED.**