NOT RECOMMENDED FOR PUBLICATION
File Name: 21a0281n.06

Case No. 19-1732

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED
Jun 08, 2021
DEBORAH S. HUNT, Clerk

SANDRA M. WHITE,

    Petitioner-Appellant,

v.

UNITED STATES OF AMERICA,

    Respondent-Appellee.

)
)
)
)
)
)
)
)
)

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN

BEFORE: GIBBONS, COOK, and DONALD, Circuit Judges.

COOK, Circuit Judge. Sandra White appeals the district court's denial of her 28 U.S.C. § 2255 motion alleging ineffective assistance of counsel. We AFFIRM.

**I.**

We consider here the narrow issue preserved for our review resulting from White's post-conviction challenge claiming constitutionally ineffective representation at trial. The underlying conviction concerned her fraud in the sale of airline tickets at military-fare rates for non-military purchasers.

White's claims of error which this court rejected in her direct appeal differ from those raised post-conviction. *See United States v. White*, 846 F.3d 170 (6th Cir. 2017). The district court found the claims currently on appeal unmeritorious too.

Unsatisfied with that outcome, White sought leave from this court to appeal the rejection of those claims. We granted appellate review on just one claim: whether "her trial counsel [was ineffective in] fail[ing] to present an alternate loss-calculation methodology despite her explicit requests, and that her preferred loss-calculation methodology would have resulted in a lower guideline range." We take up that question now.

**II.**

We review ineffective assistance of counsel questions de novo. *Wingate v. United States*, 969 F.3d 251, 255 (6th Cir. 2020). Under the well-known *Strickland* standard, "a defendant must demonstrate that counsel's representation fell below an objective standard of reasonableness and that the defendant was prejudiced by the ineffective assistance of counsel." *Carter v. Bell*, 218 F.3d 581, 591 (6th Cir. 2000) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). Courts need not, however, examine both the "deficient-performance" and "prejudice" prongs. If the petitioner is unable to support the claim of deficient performance, inquiry into prejudice would be unnecessary. *Lundgren v. Mitchell*, 440 F.3d 754, 770 (6th Cir. 2006) (citing *Strickland*, 466 U.S. at 697).

We may begin our review with either prong of the *Strickland* standard. Here, it seems that White's arguments supporting deficient performance ought to come first. Specifically, in that regard, she argues that her counsel's "failure to investigate alternative loss methodologies" for loss calculation constitutes deficient performance. White focuses on counsel's failure to investigate, failure to present witnesses his investigation would have turned up, and failure to adequately cross-examine government witnesses regarding their loss calculation methods.

The government responds to each of her charges as follows. It first faults White for failing to identify witnesses her counsel should have called. It points also to counsel's favorable

assistance to her defense by cross-examining the government witnesses on their loss calculations. And, as the government notes, counsel effectively assisted White in seeking a downward variance and objecting to sentencing enhancements.

Distilling White's deficient-performance argument, she faults counsel for ignoring her request to investigate using the alternative "Revenue Per Available Seat Mile" ("RASM") method. Her briefing explains that this RASM method "accounts for the number of empty seats on each flight and determines how much money the airline actually makes on each ticket it sells," and surmises that, had counsel done so, the resulting evidence could have effectively countered the government's loss calculation.

The Sentencing Guidelines provide that "[t]he estimation of the loss shall be based on available information, taking into account . . . [t]he fair market value of the property." U.S.S.G. § 2B1.1, cmt. n.3(C). Fair market value of property obtained by fraud is "the market price at which an average buyer would purchase the property from an average seller." *United States v. Teadt*, 653 F. App'x 421, 430 (6th Cir. 2016) (quoting *United States v. Moore*, 225 F.3d 637, 643 (6th Cir. 2000)). And that is exactly the evidence put forth by the government here. Four different airline representatives testified at trial that their losses were established by the difference between the cost actually paid and the cost that should have been paid, based on lowest available fare on the ticketing date.

White's counsel cannot be said to have performed deficiently in failing to present alternatives to the very type of evidence accepted by the court here and uniformly accepted by other courts in ticketing fraud cases. *See United States v. Scher*, 601 F.3d 408, 412–14 (5th Cir. 2010); *United States v. Carter*, 262 F. App'x 10, 11 (9th Cir. 2007); *United States v. Klouse*, 210 F. App'x 398, 400 (5th Cir. 2006) (per curiam); *United States v. Onyiego*, 286 F.3d 249, 254 (5th

Cir. 2002). The Guidelines confirm that "'loss' is ordinarily the 'fair market value' of the property at issue." *See Moore*, 225 F.3d at 642 (quoting U.S.S.G. § 2B1.1, cmt. n.2). And importantly, on direct appeal in this case we found the reliance on "standard ticket-auditing practices" to calculate this loss to be reasonable. *See White*, 846 F.3d at 179–80.[1]

## III.

We AFFIRM.

---

[1] White seeks remand to the district court to hear evidence on her claim. This issue exceeds the scope of the COA. *Schreane v. Ebbert*, 864 F.3d 446, 454 (6th Cir. 2017).